UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MERISTEM CROP PERFORMANCE GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SHAUN GUTHMILLER; MORTENSEN AG, LLC,<br><br>Defendants. | 4:26-CV-04175-ECS<br><br>ORDER TO SHOW WHETHER NOTICE HAS BEEN GIVEN OR OTHERWISE SHOW WHY NOTICE IS NOT REQUIRED |

Close to 5:00 p.m. Central Time on September 18, 2026, Plaintiff, Meristem Crop Performance Group, LLC, moved for a Temporary Restraining Order (TRO) and Preliminary Injunction against Defendants, Shaun Guthmiller and Mortensen Ag, LLC. Doc. 7. Plaintiff is a limited liability company with a principal place of business in Ohio and is registered to conduct business in South Dakota. Doc. 1 ¶ 10. Defendant Shaun Guthmiller is an individual who resides in Yankton, South Dakota, and Defendant Mortensen Ag, LLC is a limited liability company with its principal place of business in South Dakota. Id. ¶¶ 11, 13. Late yesterday, defense counsel appeared on behalf of Defendant Guthmiller. Doc. 11. To date, no counsel have entered a notice of appearance for Defendant Mortensen Ag, LLC (Mortensen Ag). Further, there is no indication in the record that notice of the pending motion for TRO has been given to Mortensen Ag.

While Defendant Guthmiller has notice of the pending motion for TRO by virtue of his counsel's appearance, nothing in the record indicates thus far that Mortensen AG, LLC has

received notice. Plaintiff's attorney has not certified in writing efforts made to give notice of its TRO filing to Mortensen Ag and the reasons why notice should not be required under Fed. R. Civ. P. 65(b)(1)(B). A TRO under Rule 65(b) is to be for emergency situations where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).[1]

Although Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Motion for TRO), Doc. 7, and supporting memorandum (Memorandum in Support of TRO), Doc. 8, this Court is not persuaded that these filings alone satisfy Rule 65(b)(1) with respect to Mortensen Ag. The Clerk of Court issued a Summons, Doc. 6, but Mortensen Ag has not yet appeared or waived service, and Plaintiff has not otherwise filed proof of service. The Certificate of Service section of the Motion for TRO reads:

> The undersigned warrants that on September 18, 2026, the foregoing PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION was filed using the Court's CM/ECF system, and that the foregoing Motion will be served on Defendant in connection with the service of process of the Verified Complaint filed in this case on the same date as this motion.[2]

---

[1] Rule 65(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

[2] The Certificate of Service section for Plaintiff's Memorandum in Support of TRO similarly reads:

> The undersigned warrants that on September 18, 2026, the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A TEMPORARY

Doc. 7 at 5. This Court finds the above wording insufficient to confirm that Mortensen Ag has been put on notice of the Motion for TRO. While the language makes clear the Motion for TRO was filed with the Clerk of Court, it is unclear whether Mortensen was actually served with the Motion for TRO. See Koenig v. Pruitt, No. 3:18-cv-102, 2018 WL 11453649, at *1 (D.N.D. May 21, 2018) (concluding the plaintiff failed to comply with Rule 65(b)(1)(B), because it was "unclear from the record what the [p]laintiff mailed to those [d]efendants," even though the plaintiff attached "what appear[ed] to be certified mail receipts" from the complaint).

Accordingly, for good cause shown, it is hereby

ORDERED that Plaintiff, Meristem Crop Performance Group, LLC, either (1) explain through its legal counsel in accordance with Rule 65(b) whether the electronically filed Motion for a Temporary Restraining Order and Preliminary Injunction, Doc. 7, and the Memorandum of Law in Support of Its Motion for a Temporary Restraining Order and Preliminary Injunction, Doc. 8, provided Defendant Mortensen Ag, LLC with actual notice, or (2) certify in writing any efforts made to give notice to Defendants and the reasons why notice should not be required.

It is further

ORDERED that if the parties have conferred and have a joint suggestion on how to expeditiously address the pending Motion for TRO they should jointly contact the Court's chambers and so advise. The Court wishes to handle the pending Motion for TRO expeditiously. If the parties do not have such a proposal, the Court will await Plaintiff's counsel's declaration in

---

RESTRAINING ORDER AND PRELIMINARY INJUNCTION was filed using the Court's CM/ECF system, and that the foregoing Motion will be served on Defendant in connection with the service of process of the Verified Complaint filed in this case on the same date as this motion.

Doc. 8 at 14.

accordance with Rule 65(b) as to whether notice has been given to Mortensen Ag, and will then proceed accordingly.

DATED this 24th day of September, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE